E-FILED
Friday, 02 December, 2016  04:32:36 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PHOENIX ENTERTAINMENT PARTNERS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 15-1258 |
| JAIMIE JORGENSEN d/b/a MOST WANTED PRODUCTIONS, et. al, | ) ) ) ) |
| Defendants. | ) |

# **O R D E R**

This matter is now before the Court on Defendant Jorgensen's Motion to Dismiss Pursuant to Rule 12(b)(6). For the reasons set forth below, the Motion to Dismiss [36] is DENIED.

### BACKGROUND

Plaintiff, Phoenix Entertainment Partners, LLC ("Phoenix"), brought this action alleging that Defendant Jorgensen infringed its federal trademarks and trade dress, engaged in unfair competition in violation of 15 U.S.C. § 1125 and state common law, and violated the Illinois Deceptive Trade Practices Act, 810 ILCS 510/1. These allegations stem from Jorgensen's providing karaoke services to the other Defendants using files stored on his computer that had been transferred from karaoke tracts originally created by SLEP-TONE and which are marked with the SOUND CHOICE marks. Tracts are transferred from their original CD or MP3 format onto the user's hard drive, a process known as media-shifting. The problem arises when users make more copies of the original tracts than authorized under the Slep-Tone 1:1 ratio media shifting policy. Phoenix is the successor in interest to Slep-Tone Entertainment Corporation, the original owner of the marks and creator of the tracts' distinctive trade dress.

Defendant Jorgensen has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted, citing *Phoenix Entertainment Partners, LLC v. Rumsey*, 829 F.3d 817 (7th Cir. 2016).  Phoenix has filed its response, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief.  *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  Furthermore, the claim for relief must be "plausible on its face."  Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

In support of its motion, Defendant cites the decision *Rumsey*.  In that case, Phoenix brought suit against a pub and its owner for playing unauthorized digital copies of its karaoke files (i.e, "bootleg" copies) instead of properly authorized copies.  829 F.3d at 819-20.  The Complaint alleged trademark infringement and unfair competition under the Lanham Act and was dismissed for failure to show a likelihood of confusion among customers as to the source of any tangible good containing

the karaoke tracts they were seeing and hearing. It is "consumer confusion about the source of a tangible good that a defendant sells in the marketplace that matters for purposes of trademark infringement," and the defendants were found to sell no tangible goods. *Id.*, at 822-23. Rather, what is seen and heard by patrons of the pub is the intangible content of the tracts resulting from the unauthorized copying that would likely warrant protection under copyright law. *Id.*, at 823-824.

The Lanham Act provides a cause of action for the unauthorized use of a trademark. 15 U.S.C. § 1114, *et seq*. Section 43(a)(1) of the Act punishes unfair competition by imposing liability on "[a]ny person who, or in connection with any goods or services . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, . . . which — (A) is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . ." 15 U.S.C. § 1125(a)(1)(A).

In *Rumsey*, the Court of Appeals found it to be significant that the defendants did not compete with Slep-Tone "in that they do not sell karaoke products or services to karaoke jockeys or other establishments" like the pub. *Rumsey*, 829 F.3d at 823. Here, however, Jorgensen is alleged to compete in the provision of karaoke services to bars and other establishments and is also alleged to have violated trademarks covering both goods and services. Phoenix points out that Jorgensen is not a bar owner providing free karaoke services for patrons like the defendant in *Rumsey*; rather, he is alleged to be a mobile entertainer who sells/rents karaoke equipment and accompaniment tracks to establishments wanting to offer karaoke to their patrons and is in effect competing with Phoenix in the provision of these services. This seems to be precisely the type of situation that the Seventh Circuit distinguished from the holding in *Rumsey,* and Phoenix's claims regarding its service mark registrations survive the Motion to Dismiss. Whether the product mark claims are viable is a much closer question,

but given the relatively undeveloped factual record, the Court finds that this issue should be decided after discovery reveals the precise nature of Jorgensen's activities.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss [36] is DENIED. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 2nd day of December, 2016.

                                      s/ James E. Shadid
                                      James E. Shadid
                                      Chief United States District Judge